JEFRESS *et al.* v. PHILLIPS.

No. 1328.   Opinion Filed January 9, 1912,

(120 Pac. 916.)

**BILLS AND NOTES—Validity—Fraud—Evidence—Question for Jury.**
Where, in a suit on two promissory notes, the testimony reasonably tends to prove that the same were given by defendants and another, in part payment of a certain printing plant and good will of a newspaper, that they were induced to sign said notes by plaintiff and D., who was a practical printer and newspaper man in his employ, and upon whose judgment they relied, who represented it to be a good investment, and that he would join in the purchase thereof and pay for and share therein equally with them, that, after the property was sold and the notes sued on were executed, pursuant to a secret agreement between plaintiff and D., plaintiff returned or destroyed his check for $500 given in part payment of his share of the purchase price, held, that the evidence was sufficient to take the case to the jury on the question of fraud.

(Syllabus by the Court.)

*Error from District Court, Pontotoc County;*
*D. A. Richardson, Judge.*

Action by George H. Phillips against J. L. Jefress and oth-ers. Judgment for plaintiff, and defendant Jefress brings error. Reversed and remanded.

*Stone & Maxey,* for plaintiff in error.

*Lewis P. Mosier,* for defendant in error.

TURNER, C. J.   On January 25, 1909, George H. Phillips, defendant in error, sued J. L. Jefress and John Duran, plaintiffs in error, and R. L. Boyd, in the district court of Pontotoc county on their two certain promissory notes, each for $300, or in all for $711.30, including interest and attorney fees.   After judgment by default against Duran and the cause was dismissed as to Boyd, and Jefress had answered setting up fraud in the execution of the notes and an offer to rescind, there was a reply and trial to a jury. At the close of all the evidence, plaintiff's demurrer to defendant's evidence was sustained, and the court directed a verdict for plain-tiff.   Thereupon judgment was rendered and entered and defend-ant brings the case here.

He assigns that the court erred in sustaining the demurrer and directing the verdict.   Assuming the truth of all the compe-tent evidence adduced in favor of the defendant and drawing therefrom all reasonable inferences and conclusions, we are of opinion that the court erred, in that the evidence was sufficient to take the cause to the jury on the question of fraud.   On this point the evidence fairly tends to prove that on December 31, 1907, Phillips sold to the three defendants a printing press, type, outfit, and good will of a certain publication located at Roff, and known as the "Roff Eagle"; that, known to Phillips, both Jefress and Boyd were inexperienced in the newspaper business and knew nothing of the value of the property; that Phillips was the owner and had been running the paper for a long time and knew its value, as did also defendant John Duran, who was a practical printer and newspaper man, and who was at that time employed by Phillips on the paper; that, in order to make the sale to Jefress

and Boyd, Phillips procured Duran to pretend that it was a good investment, and that he would take with them a third interest in the proposed purchase, and he joined with Phillips in making misrepresentations as to the value of the property; that Phillips represented the same to be worth $2,800; that his receipts from the job business for some time prior thereto had been $200 a month; that the type were all new, and that the machinery was good and in first-class condition; that relying solely upon said representations which they believed to be true, but which were known to Phillips and Duran to be false, and that it was a good investment and that Duran would take and pay for a third interest in the property, Jefress and Boyd each paid Phillips $500 and Duran gave his check for the same amount, and all joined in the execution of three notes of $300 each, payable to Phillips in full for the purchase price of the property; that said check never was paid and was given pursuant to a secret understanding between Jefress and Duran that the same would be returned to him or destroyed, which was done, and that his interest in the property would cost him nothing; that about a month thereafter, and before the discovery of the fraud, Jefress sold his interest in the property to Boyd without loss; and likewise, before the discovery of the fraud, both paid one of said $300 notes; that soon thereafter they discovered that, although Duran was sharing equally with them in the profits of the business and claiming a third interest in the plant, his said check for $500 had never been paid; that the machinery was old and not worth what they paid for it, and that the returns from the job business were about one-half of what it was represented to be; that thereupon Jefress and Boyd refused to pay the two remaining notes outstanding and here sued on and tendered the property back, which was refused, and Phillips brought suit.

This case is practically indistinguishable in point of law from *Gilpin v. Netograph Mch. Co. et al.*, 25 Okla. 408, 108 Pac. 282, 29 L. R. A. (N. S.) 477. That was a suit upon two promissory notes. Defendant admitted their execution, and among other defenses thereto pleaded fraud in the execution thereof. At the close of all the testimony, plaintiff demurred to the evidence,

which was sustained, and the question we passed upon there was whether the evidence was sufficient to take the case to the jury on the question of fraud. The evidence disclosed that the notes were given by defendant to plaintiff in payment of his share of the purchase price of a worthless patent right; that he was induced to sign the notes by the agent of plaintiff and L., one of defendant's copartners who represented to him that he thought it to be a good investment and would join defendant and others in the purchase thereof and pay for and share therein equally with him; that after the deal was closed, pursuant to a secret agreement between the agent of plaintiff and L., plaintiff returned to him unpaid his note and a check given in payment for his share of the purchase price of the patent right. This evidence we held sufficient to take the case to the jury upon the ground of fraud and reversed the case, as we shall do here. Nor does the fact, as disclosed by the evidence, that Jefress sold out without loss to Boyd about a month thereafter and before the discovery of the fraud, affect the conclusion we have reached. This, for the reason that the fraud pleaded is for the purpose of vitiating the contract of sale furnishing the consideration of the notes sued on, and cannot be affected by a subsequent contract of sale of the property between Jefress and Boyd made as stated.

We are therefore of opinion that as there was evidence tending to prove a secret agreement existing between Phillips and Duran which secured a special advantage to the latter, upon whose representation in making the contract of purchase Jefress relied, and which, if such existed, would constitute a fraud upon his rights, the court erred in refusing to submit the question of fraud to the jury under proper instruction, and for that reason the cause is reversed and remanded for a new trial.

HAYES, KANE, and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.