**DOZIER v. NORTHROP.**

No. 9991—Opinion Filed Jan. 23, 1923.

Rehearing Denied March 20, 1923.

(Syllabus.)

**Mines and Minerals—Purchase of Property—Fraud of Joint Adventurer—Rescission—Petition—Sufficiency.**

Where the petition alleges that defendant falsely and fraudulently represented that he was the owner of certain mining property, that the property had cost him $24,000, and offered to let plaintiff in on the ground floor by selling a one-half interest in said property to the plaintiff for $12,000, that such representations were false and known to defendant to be false at the time he made them, that plaintiff relied on such representations and was induced to purchase .from defendant a one-half interest in said property and pay therefor the sum of $12,000, a cause of action for rescission is stated.

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by Mary Sells Northrop against. William Z. Dozier to rescind contract and for money judgment. Judgment for plaintiff, and defendant brings error. Affirmed.

Chas. E. Bush, L. G. Owen, A. F. Moss, and Carter Smith, for plaintiff in error.

West, Sherman, Davidson & Moore, for defendant in error.

COCHRAN, J. The defendant in error filed her petition in the district court of Tulsa county, Okla., alleging, in substance, that plaintiff in error, during the year 1915, falsely and fraudulently represented that he was the owner of certain mining property, that the property had cost him $24,000, and offered to let the plaintiff in "on the ground floor on the purchase of said property" by selling to plaintiff a one-half interest in said property for $12,000; that these representations were false and known to the defendant to be false at the time he made them; that plaintiff relied on such false and fraudulent representations and was induced to, and did purchase from defendant a one-half interest in said property and paid therefor the sum of $12,000. It is further alleged that at the time of the sale of this property to the plaintiff the defendant was not the owner thereof; but, after he had received plaintiff's money, he purchased the property, together with certain mining machinery, for $6,500. As soon as plaintiff discovered the misrepresentations made by defendant, she filed this suit asking for rescission of the sale and judgment against defendant for $12,000, which she had paid to him.

The defendant filed a general demurrer to this petition, and the same was overruled by the trial court. Defendant elected to stand on his demurrer, and judgment was rendered for plaintiff for $12,000. The defendant has prosecuted his appeal to this court, alleging that the court erred in overruling the general demurrer to the petition.

The defendant contends that the petition does not state cause of action because it does not allege any pecuniary loss to the plaintiff by reason of the purchase of the property by the plaintiff. Defendant relies on the .several decisions of this court holding that. in order to constitute action-

able fraud, it must be made to appear (1) that defendant made a material representation, (2) that it was false, (3) that he made it when he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion, (4) that he made it with the intention that it should be acted upon by the plaintiff, (5) that plaintiff acted in reliance upon it, (6) and that he thereby suffered injury (Henry v. Collier, 69 Oklahoma, 169 Pac. 636; Cooper v. Gibson, 69 Oklahoma, 170 Pac. 220; King v. Howeth & Co., 42 Okla. 178, 140 Pac. 1182) ; and insists that the allegations of plaintiff's petition are not sufficient to show an injury resulting from the fraudulent misrepresentation of the defendant. We cannot agree with this contention of the defendant. According to the allegations in the petition, plaintiff thought she was purchasing a one-half interest in a mining proposition in which the defendant was already interested, and that in order to induce her to embark on a joint adventure with him, the defendant was permitting the plaintiff to buy a one-half interest for just what it had cost him, or, to use the language of the petition, "letting her in on the ground floor"; but, instead of these representations being true, the defendant had not invested his money in the proposition, he had no pecuniary interest in it whatever, and, after receiving the $12,000 from the plaintiff, he took $6,500 of the money and purchased the entire property, together with some mining machinery. The defendant was thus enabled to clear $5,500 in money and one-half interest in the property which he had represented had been previously purchased at a cost to him of $24,000.

It is the opinion of this court that the allegations of the petition are sufficient to show an injury sufficient to bring this cause within the rule announced in the previous decisions of this court. An injury was sustained by the plaintiff, in that instead of embarking upon a joint adventure in mining with a person who was the owner of mining property, and who had thought enough of the property to invest $24,000 of his money in it, she embarked on this adventure with a person who had not a penny invested in it, and who evidently entered into the transaction for the sole purpose of getting the difference between the amount which he received from the plaintiff and the amount which he had to pay for the property for his own use. Injury resulted to the plaintiff also in that she gave $12,000 for a one-half interest in property which, if the representation made by the defendant had been true and she had been permitted to "get in on the ground floor," would have cost her only $3,250. In other words, she paid $8,750 more than her share of the price of the property. That

conclusion is supported by the following cases: Bergeron v. Miles (Wis.) 60 N. W. 783; Mayo et al. v. Wahlgreen (Colo.) 50 Pac. 40; Ozark Motor Co. v. Horton (Mo. App.) 196 S. W. 395; Menefee v. Oxnam (Cal.) 183 Pac. 379; Jeffress et al. v. Phillips, 31 Okla. 202, 120 Pac. 916; Thompson v. Thompson, 55 Okla. 423, 154 Pac. 1146.

The petition stated sufficient facts to constitute a cause of action, and was good as against a general demurrer. The judgment of the trial court is therefore affirmed.

JOHNSON, V. C. J., and KANE, McNEILL, KENNAMER, and BRANSON, JJ., concur.