[Civ. No. 2569.   Third Appellate District.—March 29, 1923.]

FANNIE L. WILSON, as Executrix, etc., Respondent, v. SOUTHERN PACIFIC LAND COMPANY (a Corporation), Appellant.

[1] VENDOR AND VENDEE—DUAL CAPACITY OF AGENT—KNOWLEDGE—EVIDENCE—RESCISSION.—In this action to rescind certain executory contracts for the purchase of real property from defendant, the evidence having been sufficient to justify the finding that a certain party, with defendant's knowledge, acted as plaintiff's agent in the purchase of the property and, without plaintiff's knowledge, also acted as defendant's agent in the sale of the property, the judgment of rescission and for the recovery of the moneys paid by plaintiff was proper.

[2] ID.—VALUE OF LAND—FAIRNESS OF AGENT—RESCISSION—EVIDENCE. Where the agent, without the assent of his principal, has acted in a double capacity, no question of fairness or unfairness can be raised, but the transaction will be held constructively fraudulent and avoidable at the election of the principal; and in an action by the principal against the vendor for rescission and for the recovery of the moneys paid, the admission or rejection of evidence as to the value of the land and the fairness of the transaction is not prejudicial error.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Russ Avery, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Frank Thunen for Appellant.

C. E. Spencer and H. L. McNair for Respondent.

Young & Young, as *Amici Curiae.*

FINCH, P. J.—This appeal is from the judgment rendered at the second trial of the action.   At the first trial the court granted defendant's motion for a nonsuit.   The judgment was reversed on appeal.   (46 Cal. App. 738 [189 Pac. 1040].)   In the opinion of the appellate court the issues and the law applicable thereto are stated.   Appel-

1.   Right of either principal to affirmative relief from transaction in which agent acted for both parties, note, 17 L. R. A. (N. S.) 622.

lant's principal contention is that the evidence is insufficient to support the findings and it is sufficient herein to examine the evidence produced at the second trial.

[1] Plaintiff testified that H. C. Farnum purchased the lands in controversy for plaintiff in January, 1914; that plaintiff did not view the lands or make any investigation thereof but relied on Farnum's representations; that he did not know prior to the purchase that Farnum was the agent of defendant to sell the lands. He further testified: "At the time the applications were signed in my behalf for the purchase of these properties, there had been a conversation between me and Mr. Farnum as to my giving him an interest in the profits if the land was sold. When I made up my mind to purchase the property I fixed up that memorandum for Mr. Farnum, which is plaintiff's exhibit No. 5, bearing date February 2, 1914. I wrote the memorandum in pencil first. Later it was copied and I put down the date." The memorandum referred to by the witness reads as follows:

"Memorandum of Charles S. Wilson regarding the following described land. The east half of section 25, 4 south, 5 east, S. B. M., Riverside County, California. The above-described land was acquired through H. C. Farnum as my agent, and he is to have one-fourth of the profits which may be realized on sale thereof, after deducting all moneys paid or expended thereon by me, and interest at ten per cent per annum, provided said land can be sold at a profit on or before one year from date of contract of sale, and Farnum can have a one-fourth interest in the land by paying one-fourth of all money expended, with ten per cent interest on same within same time.

"Charles S. Wilson, February 2, 1914."

Plaintiff testified that he did not inspect the land until in April, 1916; that he first learned that Farnum had acted as agent of defendant in the sale of the land and had received a commission for the sale, in February, 1917, and that he immediately offered to reconvey the property to defendant and demanded the return of the moneys paid by him on the purchase price thereof.

H. R. Burns was defendant's agent for the sale of its lands. Prior to the sale to plaintiff Burns had agreed to pay Farnum a commission on any sales made by the latter and did pay him a commission on the sale made to plain-

tiff. Farnum's testimony, given at the former trial, was read in evidence. He there testified that he bought the land for plaintiff; that he told Burns, at the time of the purchase, that he was acting as the agent of plaintiff and doing business for him; that he signed plaintiff's name to the application to purchase the land and that Burns said: "You are his agent; it is perfectly proper for you to sign them." Farnum further testified: "We didn't say anything to Mr. Wilson about the commission, and Mr. Burns suggested that I shouldn't."

The foregoing evidence justifies the finding that Farnum, with defendant's knowledge, acted as plaintiff's agent in the purchase of the property and, without plaintiff's knowledge, also acted as defendant's agent in the sale of the property. Under such circumstances the judgment of rescission and for recovery of the moneys paid by plaintiff was proper.

The admission in evidence of the memorandum quoted, plaintiff's exhibit No. 5, is assigned as error. The instrument was clearly admissible as tending to show that Farnum was plaintiff's agent. [2] Other errors in the admission and rejection of evidence relating to the value of the land and similar questions are assigned. The value of the land and the fairness of the transaction are not issues necessary to be determined in a case of this character. As stated in the opinion on the former appeal, where the agent, without the assent of his principal, has acted in a double capacity, no question of fairness or unfairness can be raised, but the transaction will be held constructively fraudulent and voidable at the election of the principal. The admission or rejection of such evidence, therefore, could not have changed the result. There are fifty-six assignments of alleged errors. It is not necessary to consider them all specifically. None of them could have prejudiced defendant's rights.

It is not necessary to determine whether want of knowledge by defendant of Farnum's double agency would be a defense. The evidence shows that defendant had such knowledge.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 28, 1923.