[L. A. No. 7413. In Bank.—August 31, 1925.]

G. L. GORDON, Respondent, v. S. BECK, Appellant.

[1] VENDOR AND VENDEE—SALE OF REAL ESTATE—AGENCY—DUAL CAPACITY—VOID CONTRACT—NOTICE.—A vendee of real estate under an executory contract of purchase and sale may rescind the contract where the agent acted for both the vendor and vendee without the knowledge of the vendee, notwithstanding the lack of knowledge of the vendor of the dual capacity of the agent.

[2] ID.—LACK OF INJURY—GOOD FAITH.—Where an agent on the sale of real property acts for the vendor and vendee both, without knowledge on the part of the vendee of his dual capacity, the vendee may rescind the contract notwithstanding he has not been injured, or that the agent intended no wrong, or that the other party acted in good faith, the double agency being a fraud upon the vendee and he is not bound.

[3] ID.—DUTY OF AGENT.—The vendee in such a case is entitled to receive, and has the right to expect, absolute fidelity and loyalty to his interest on the part of his agent and his engagement with the vendor for compensation in the transaction without the vendee's knowledge renders the contract voidable at the option of the latter, even though the vendor pays the commission in good faith.

[4] ID.—NOTICE.—In such a case, where the agent was acting for the vendor upon a commission basis, his interest was adverse to the vendee and the latter could not be charged with this uncommunicated knowledge of the actual conditions, and the vendor, having accepted the advantage obtained under the contract, which he seeks to retain, will not be permitted to disclaim responsibility for the representations and concealments of his agent.

1.  See 1 Cal. Jur. 793; 4 Cal. Jur. 577, 781; 21 R. C. L. 827.
3.  See 1 Cal. Jur. 789; 21 R. C. L. 824.

[5] FINDINGS—FINDING OF TRUTH OF MATERIAL ALLEGATIONS—INSUF-
FICIENCY OF.—A finding that the *material* allegations of a certain
paragraph of an answer are not true is uncertain, as no one may
know what allegations were deemed material and the finding is
insufficient.

[6] ID.—APPEAL.—When the trial court has failed to make findings the
supreme court is not authorized to do so; and where, under the
pleadings and evidence, findings not made are necessary to the
proper determination of the rights of the parties, a new trial will
be ordered.

(1) 2 C. J., p. 838, n. 60.   (2) 2 C. J., p. 838, n. 60.   (3) 2 C. J.,
p. 838, n. 60.   (4) 2 C. J., p. 838, n. 60.   (5) 38 Cyc., p. 1964, n. 83.
(6) 4 C. J., p. 1059, n. 99, p. 1123, n. 46.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Albert Lee Stephens, Judge. Reversed.

The facts are stated in the opinion of the court.

Hocker & Austin for Appellant.

Davis & Thorne for Respondent.

Young & Young, *Amici Curiae.*

SHENK, J.—After judgment of reversal herein counsel
appearing *amici curiae* were granted leave to file a petition
for a rehearing on the representation that the decision in
this case would probably have an important bearing on other
and important pending litigation in which they and counsel
associated with appellant's counsel were interested. As re-
spondent had filed no brief, and as the importance of the
questions involved seemed to warrant it, the rehearing was
granted in order that respective counsel might have the
opportunity to present more fully both sides of the contro-
versy.

After due reconsideration of the questions involved we are
satisfied with and adopt the reasoning and conclusions ex-
pressed in the former opinion, and will append such further
comment as the additional points and authorities have

5.  See 24 Cal. Jur. 989.
6.  See 2 Cal. Jur. 1032.

elicited. As the contentions of *amici curiae* are all in behalf of the respondent's position, they will be referred to and deemed the respondent's contentions. The former opinion is as follows:

"This is an appeal by defendant S. Beck from a judgment foreclosing his interest in an executory contract for the purchase and sale of real property. The record is presented pursuant to section 953a of the Code of Civil Procedure.

"The action was commenced on January 21, 1921, by the filing of a complaint wherein it was alleged that on the 14th day of October, 1920, the plaintiff and defendant entered into a contract for the purchase and sale of an improved lot in the city of Los Angeles for the sum of $1,800, of which $400 was to be paid on the execution of the contract and the balance in monthly installments of $20 and that no part of the contract price had been paid except the initial payment of $400. The plaintiff prayed that an interlocutory judgment be entered adjudging the defendant to be indebted to the plaintiff for the unpaid balance of the contract price, and that if the same be not paid within such time as the court might fix, the plaintiff's title to the property be quieted and the interest of the defendant therein be terminated. To this complaint the defendant filed an answer admitting that he had signed the contract, but setting forth as an affirmative defense that the contract was invalid and not binding on him for the reason that without his knowledge or consent his agent in the transaction, one Claude Minor, had also acted for and as the agent of the plaintiff in the same transaction, and had received compensation therefor. The defendant also filed a cross-complaint alleging the dual agency of said Minor; that he had first discovered the duplicity of his agent about the first week in November, 1920, and immediately informed the plaintiff that he would not take possession of the property and would not carry out the terms of the contract; that he at no time had possession or control of said property and that by reason of the dual agency of the said Minor without the knowledge or consent of the defendant the contract was void and of no effect; that he had demanded the return of said $400 from the plaintiff, but that the same had not been paid. In the cross-complaint the defendant tendered the contract into

court for cancellation.  The plaintiff interposed a general and
special demurrer to the answer and also to the cross-com-
plaint.  The demurrer to the answer was sustained with leave
to amend and the demurrer to the cross-complaint was sus-
tained without leave to amend.  Before the defendant filed an
amended answer the plaintiff filed an amended complaint
wherein the facts from the plaintiff's standpoint were more
elaborately alleged and certain defects appearing on the face
of the original complaint were cured.  To this amended com-
plaint the defendant filed an answer wherein he again set
forth in an affirmative defense, among other things, the
alleged dual capacity of the agent, Minor, without the knowl-
edge or consent of the defendant; that the plaintiff knew at
the time he employed said Minor as his agent that Minor
was acting as the agent of the defendant; that he had first
discovered the duplicity of his agent about the first week in
November and immediately notified the plaintiff that he
would not take possession of the property and would not
carry out the terms of the contract.  On the issues thus
joined the court found in favor of the plaintiff and entered
an interlocutory judgment declaring the defendant to be
indebted to the plaintiff in the sum of $1,400 and that if
the same be not paid within ninety days from such entry
the plaintiff be awarded judgment terminating the interest
of the defendant in and to said contract and property.  The
defendant failed to make such payment and the final judg-
ment was entered.

[1]  "The appellant contends that the trial court erred
in sustaining the demurrer to the cross-complaint and that
the findings are defective and insufficient to support the
judgment and are not supported by the evidence.

"The demurrer to the cross-complaint was sustained ap-
parently for the reason that it did not affirmatively appear
therefrom that at the time the contract was signed the plain-
tiff had knowledge or notice that Minor was also the agent of
the defendant in the transaction and on the theory that such
knowledge or notice must be shown in order to subject the
plaintiff to rescission.  We do not so understand the rule.
It is well settled in this state that a principal who has no
notice or knowledge of the duplicity of his agent may at his
option be relieved from the obligations of the contract as

against his opposing principal, who had notice or knowledge of such dual agency, either by affirmative action in rescinding the contract or by interposing such dual agency as a defense in an action to enforce the contract (*Wilson* v. *Southern Pacific Land Co.,* 61 Cal. App. 545 [215 Pac. 396]; *Newell-Murdoch Realty Co.* v. *Wickham,* 183 Cal. 39 [190 Pac. 359]). In each of those cases the effect of want of knowledge of the dual agency on the part of the defendant principal was referred to but was not determined for the very obvious reason that in each case the defendant principal had knowledge of the dual capacity of the agent. There is nothing in those cases, nor in any case in this state to which our attention has been directed, which would prevent the approval of the rule in its broader application as announced and declared by text-writers and the courts of other jurisdictions. Professor Mechem, in his work on Agency, 2d ed., vol. 2, p. 1978, says that if neither principal has knowledge of the dual capacity of the agent, the action of the agent is a fraud on both and a contract made under such circumstances is voidable at the option of either principal. Again, it is said on page 1717 of the same volume: ' . . . that not even an innocent third party, who is also the principal of the same agent, may be allowed voluntarily to retain benefits or advantages which come to him only through the act of his agent and as the result of that agent's perfidy to his other principal.' Also on page 1715 we find the following: 'An agent who is relied upon to exercise, in behalf of his principal, his skill, judgment, knowledge or influence, will not be permitted without such principal's full knowledge and consent, to undertake to represent the other party also in the same transaction. Such conduct is a fraud upon his principal, and not only will the agent not be entitled to compensation for services so rendered, but the contract or dealings made or had by the agent, while so acting also for the other party without the knowledge or consent of the principal, are not binding upon the latter, and if they still remain executory, he may repudiate them on that ground, or, if they have been executed in whole or in part, he may by acting promptly and before the rights of innocent parties have intervened, restore the consideration received, rescind the contract and recover back the property or rights with

which he has parted under it. [2] It makes no difference
that the principal was not in fact injured, or that the agent
intended no wrong, or that *the other party acted in good
faith;* the double agency is a fraud upon the principal and
he is not bound.' (Italics added.) The rule is supported
by cases cited by the author, and cases cited by appellant
also approve the rule that such a contract is voidable at
the option of either principal. (*Becker* v. *Spalinger,* 174
Wis. 443 [183 N. W. 173]; *Ferguson* v. *Gooch,* 94 Va. 1 [40
L. R. A. 234, 26 S. E. 397]; *Guthrie* v. *Huntington Chair
Co.,* 71 W. Va. 383 [76 S. E. 795]; *Evans* v. *Brown,* 33 Okl.
323 [125 Pac. 469]; *City of Findlay* v. *Pertz,* 66 Fed. 427
[29 L. R. A. 188, 13 C. C. A. 559]; *Black* v. *Miller,* 71 Ill.
App. 342; *People's Ins. Co.* v. *Paddon,* 8 Ill. App. 447; *Fish*
v. *Leser,* 69 Ill. 394; *McElroy* v. *Maxwell,* 101 Mo. 294 [14
S. W. 1]; *Greenwood* v. *Spring,* 54 Barb. (N. Y.) 375;
*Marsh* v. *Buchan,* 46 N. J. Eq. 595 [22 Atl. 128]; *Henninger*
v. *Heald,* 52 N. J. Eq. 431 [29 Atl. 190]; *Arthur* v.
*Georgia Cotton Co.,* 22 Ga. App. 431 [96 S. E. 232]; *Vinson
et al.* v. *Pugh,* 173 N. C. 189 [91 S. E. 838]; *Truslow* v.
*Bridge & Terminal Co.,* 61 W. Va. 628 [57 S. E. 51].)

[3] "The defendant was entitled to receive, and had the
right to expect, absolute fidelity and loyalty to his interest
on the part of his agent, Minor, and under the authorities
his engagement with the plaintiff for compensation in the
transaction without defendant's knowledge rendered the con-
tract voidable at the option of defendant, even though the
plaintiff paid the commission in good faith. [4] As Minor
was acting for plaintiff upon a commission basis his interest
was adverse to defendant and the latter could not be charged
with this uncommunicated knowledge of the actual condi-
tions. On the other hand, having accepted the advantage
obtained under the contract, and seeking to retain such ad-
vantage, the plaintiff will not be permitted to disclaim re-
sponsibility for the representations and concealments of
Minor, his agent (*Herdan* v. *Hanson,* 182 Cal. 545 [189 Pac.
440]). The law will not tolerate such a dual agency without
the knowledge and consent of both principals (*Glenn* v. *Rice,*
174 Cal. 269 [162 Pac. 1020]). No question has been raised
upon this appeal as to the sufficiency of the cross-complaint
in respect to the allegations thereof showing compliance with

the requirements of section 1691 of the Civil Code to entitle a party to rescind, and we are not therefore called upon to consider that question. It must be concluded that the cross-complaint states a cause of action and that the court erred in sustaining the demurrer thereto.

[5] "The appellant attacks the following finding as defective and insufficient: 'That the material allegations contained in paragraphs I, II, III and IV of defendant's affirmative defense to plaintiff's amended complaint are not true for the reason that plaintiff advertised and dealt with Minor as the undisclosed agent of defendant, Beck, said Minor representing himself as a real estate broker and charged plaintiff $50 as commission for his services in the sale of said property.'

"Paragraph I of the affirmative defense alleges that at the time the contract was signed the defendant was engaged in dealing in real estate on his own account and in the conduct of his said business employed Minor as his agent to examine real estate offered for sale and to represent him in the examination, purchase and sale of the same; that the plaintiff reposed confidence in the ability and integrity of his agent in connection with his business and relied upon the judgment and representations of said agent. Paragraph II alleges certain representations made by Minor to the defendant concerning the transactions. Some of the allegations of this paragraph are immaterial. Paragraph III alleges that the plaintiff well knew that Minor was acting as the agent of the defendant upon an agreed compensation; that the plaintiff paid Minor $50 commission in the transaction; that the defendant had no knowledge of the duplicity of the agent in relation to the purchase and sale of said property and did not discover the facts surrounding the transaction until about the first week in November, 1920, whereupon the defendant informed plaintiff that he would not receive or take possession of said house and lot and would not carry out the terms of such contract as set forth in the complaint. Paragraph IV alleges that the defendant at no time received or took possession of the house and lot and that the plaintiff has at all times been in possession and control thereof and that by reason of the fraud practiced upon the defendant the contract is void and of no effect. It will thus be seen that

the allegations of the paragraphs referred to go to the very heart of the defense. 'The option to avoid the contract remained complete until the action was begun and was then available as a defense to the action.' (*Newell-Murdoch Realty Co.* v. *Wickham, supra.*) .

"The finding that the *material* allegations contained in the paragraphs mentioned are not true is uncertain. No one may know what allegations were deemed material. Such an omnibus finding is insufficient for any purpose (*Holt Mfg. Co.* v. *Collins,* 154 Cal. 276 [97 Pac. 516]; *Turner* v. *Turner,* 187 Cal. 632 [203 Pac. 109]). The reason assigned by the court for the finding as incorporated therein does not cure the uncertainty. Even if the facts recited in the reason for the finding were true, it would not follow that the allegations of said paragraphs of the affirmative defense might not also be true. If those allegations were found to be true the facts thus established would be a defense to said action. [6] When the trial court has failed to make findings this court is not authorized to do so. Where, under the pleadings and evidence, findings not made are necessary to the proper determination of the rights of the parties a new trial will be ordered (*Blood* v. *La Serena L. & W. Co.,* 113 Cal. 221 [41 Pac. 1017, 45 Pac. 252]). From what has been said concerning the finding complained of we do not wish to be understood as deciding that the evidence is sufficient to support a finding that the allegations of said paragraphs are not true. On the contrary, it may be said that said allegations were established without conflict in the evidence except the allegation of paragraph III to the effect that at the time of the signing of the contract the plaintiff knew that Minor was the agent of the defendant in the transaction. This allegation the court found to be not true. But under the law and the facts as here shown that finding was not sufficient to support a judgment against Beck.''

It is conceded on behalf of the respondent that the principal question involved in this case is one of first impression in this state, and it is insisted that it is the first case in the United States involving the point of setting aside a transaction of purchase and sale on the ground of the dual employment of an agent where both principals were unaware of such dual employment. It is suggested that the conse-

quences flowing from a holding that a transaction involving
such duplicity of an agent may be rescinded at the instance
of either principal would be disastrous in all dealings
wherein agents and brokers are employed, as, for instance,
in two illustrations suggested by the respondent: First, in
the case of stock brokers, where the purchaser, desiring to
acquire the ownership of a certain kind of stock, agrees to
compensate the broker for procuring such stock, the seller
also paying a commission; and, secondly, in the case of one
desiring to purchase a home or property for industrial or
other particular purposes, who employs a real estate agent
to procure the same for him, the seller also paying a com-
mission in the same transaction. But the results contem-
plated by respondent would seem to be more imaginary than
real. In the case of a stock brokerage business, it is stated
by appellant to be a matter of common knowledge, and such
statement is not denied, that persons handling transactions
in that line of endeavor, by long-established custom, may
collect compensation or a commission from both buyer and
seller, in which event they are in the class of known joint
agents, for each principal is charged with knowledge of
the custom. Likewise, it may be said that in the case of
the purchase and sale of real estate, it is a matter of com-
mon knowledge that the seller usually pays a commission,
and that the parties to the transaction in the case at bar
were charged with notice of that custom. But we find no
sound basis for the conclusion that the appellant under such
circumstances was negligent in not notifying the respondent
not to pay Minor a commission, for the appellant had the
right to rely upon the presumed good faith of Minor, and to
rest assured that he would not violate his trust and breach
the duty which the law imposed upon him. The facts in
the case at bar do not present a situation where either prin-
cipal may be charged with negligence in his relations with
the other. It is not intimated that either innocent principal
would have a cause of action for damages against the other
on account of the duplicity of the common agent. Rather,
the facts herein present a situation in which sound public
policy demands that a transaction attended by such duplicity
and concealment on the part of an agent as against both
innocent principals may not be permitted to stand when, at

the instance of either principal, the *status quo* may be restored. In such cases the personal and selfish interest of the agent is opposed to the interest of both principals. His concern is to see that the transaction is consummated in order to obtain his double commission. By reason of the fiduciary relation to both principals, he is, as to both, in such a peculiar position of trust and confidence that his advice and activities would be influenced by his own self-interest. It is immaterial that these results may not necessarily follow. It is enough that they are likely to follow. It is the policy of the law not to permit an agent to assume a position that will result in such a strain on his honesty. The protection of the public against such duplicity is the foundation for the rule. To deny the right of rescission to either innocent principal would necessarily result in a denial to both, and thus place the parties at the mercy of an unscrupulous agent. It is of no consequence that no fraud was actually intended by the agent, or that the rescinding party suffered no injury (*Black* v. *Miller, supra*).

In some of the cases above cited as approving the rule that a contract resulting from dual agency unknown to both principals is voidable at the option of either principal, it did not appear that the duplicity of the agent was unknown to the defending principal. In our consideration of those cases that fact was recognized. Others, however, as, for example, the case of *Marsh* v. *Buchan, supra*, are directly in point. Although in some of the cases cited the defending principal had or was chargeable with notice of the dual agency the discussion of the principles of law surrounding such inconsistent relationship recognized the right of either innocent principal to rescind, provided the defending principal could be placed in his former position.

The case of *Blair* v. *Baird*, 43 Tex. Civ. App. 134 [94 S. W. 116], relied on by respondent, is not in point, for the reason that, under the express terms of the contract between the parties, the agent was a joint agent appointed as and known to be such by both parties. Other cases cited on behalf of respondent have been noted, but an examination thereof discloses that they are not out of harmony with the rule as herein approved.

Finally, the respondent contends that a principal can only be held liable for the acts of his agent when the same are within the scope of his authority. It is conceded in this case that neither principal knew of the employment of the agent, Minor, by the other, and it may. be assumed that it was beyond the scope of the authority of such agent, as to each principal, to enter the employment of the other without the consent of both; but, when the agent had done so, and thus exceeded his authority, it was optional with either principal to refuse to be bound by his acts, and to rescind the transaction. When, as here, the respondent is standing on the contract, is insisting on his right to retain the benefits and advantages gained thereby, and is contending herein for his right to retain the same after full notice of his agent's duplicity, he will not be permitted to disclaim responsibility for the representations and concealments of said agent. (*Herdan* v. *Hanson, supra.*)

The judgment is reversed and the cause remanded for a new trial, with instructions to the trial court to overrule the demurrer to the cross-complaint.

Richards, J., Lennon, J., Lawlor, J., Seawell, J., and Waste, J., concurred.