[Civ. No. 4074. Third Appellate District.—May 16, 1930.]

JOHN E. AYCOCK et al., Respondents, v. EDWARD A. CARR et al., Appellants.

Light & Lane for Appellants.

Kemper Campbell for Respondents.

PLUMMER, J.—The plaintiffs had judgment in an action to cancel and set aside a certain deed of conveyance whereby a tract of land described in the complaint, valued at $14,000, was conveyed to the defendants, Edward A. Carr and Louisa F. Carr, in consideration of the assignment by said defendants to the plaintiffs of certain state rights under a pending application for patent. The lands described in the complaint were, by the defendants Carr, conveyed to the defendant Laura E. Rice, the defendant Laura E. Rice not having paid any consideration and having knowledge of the transactions involved in this action. Subsequent to the conveyance of the premises referred to a mortgage in the sum of $3,500 was given by the defendants upon the conveyed lands to an innocent party. Judgment went for the rescission and cancellation of the deed of conveyance, and also for judgment in the sum of $3,500, against the defendants Edward A. Carr and Louisa F. Carr, the sum realized by them on the mortgage executed as above stated. From this judgment the defendants appeal.

The record shows that this action is based upon an alleged scheme to defraud the plaintiffs and to induce them to part with valuable property, by representations regarding state rights to manufacture and vend a pencil-vending machine, for which the appellants Carr had filed an application for patent. A setting forth of a few of the findings of the trial court sufficiently discloses the facts of this case. Among other things the court found as follows:

"That it is true that said defendants, Edward A. Carr and Louisa F. Carr, on or about said 12th day of May, 1925, with intent to deceive and defraud the plaintiffs, and to induce them to purchase the rights of said defendants Carr in and to the said contracts hereinabove mentioned, and to accept an assignment thereof, and to make, execute and deliver the indenture and conveyance hereinafter mentioned falsely and fraudulently represented to the plaintiffs that the pencil-vending machine above referred to was the only

pencil-vending machine in use in the United States; that said Parker, hereinabove mentioned, had the exclusive right to the use of the idea and principle embodied therein; that the use thereof and of any pencil-vending machine by any person other than said Parker, during the pendency of the proceedings for the perfection of the patent thereof, or thereafter, could and would be enjoined by said Parker through legal proceedings; that there was no other pencil-vending machine on the market, in commercial competition with said vending machine, and that there was no other pencil-vending machine being used, sold, operated or patented anywhere in the United States.''

The court also found that the representations were made with intent to defraud the plaintiffs, and that the plaintiffs acted upon the representations; that the plaintiffs believed the representations to be true, and relying upon such representations, transferred to the defendants Carr the real estate described in the complaint, of the value of $14,000; that after the property had been conveyed to the defendants Carr the defendants Carr mortgaged the same and realized therefrom the sum of $3,500. The court further found that there were a number of other patents covering the same device, preceding the application for patent made by the defendants Carr. The court further found that the rights purported to be transferred to the plaintiffs were valueless. The court also found that all of the representations made by the defendants relative to the patent rights were fraudulent and untrue. The findings, without further reference, are amply sufficient to support the judgment and need not be further mentioned herein.

The appellants in their opening brief make the following statement, to wit: ''Considerable evidence was introduced on both sides as to the truth of the alleged representations. As there was a substantial conflict of testimony as to this matter, we are concluded by the decision of the trial court.''

The appellants rely upon the assertion that F. E. Aycock was the ''go-between'' or medium by which the respective parties came together in the deal and that he was the agent for both parties, and, therefore, that the plaintiffs are not in a position to complain. The record, however, contains evidence to the effect that F. E. Aycock was not the agent of the plaintiffs, but it does show, on the contrary,

that he was the agent of the defendants Carr and that the defendants Carr paid him a commission of $3,500 for putting over the deal. However, if F. E. Aycock had been acting as agent for the plaintiffs, his concealment of the fact that he was being paid by the defendants Carr would have entitled the plaintiffs to rescind. (*Wilson* v. *Southern Pacific Land Co.*, 61 Cal. App. 545 [215 Pac. 396]; *Newell-Murdoch Realty Co.* v. *Wickham*, 183 Cal. 39 [190 Pac. 359].) As shown by those cases, the fact of concealment of agency or of a special interest, such as the receipt of commissions paid by one party where there is a dual agency, entitles the opposite party to rescind.

We do not need to follow the authorities cited by the appellants by reason of the fact that the circumstances disclosed by the cases referred to are entirely dissimilar from those appearing in this cause. The finding of the court to the effect that the appellants committed the frauds charged is practically admitted by the quotation which we have taken from their brief, but if it were not admitted a review of the testimony, without setting it forth, shows beyond question that every fact ·found by the trial court is sufficiently supported. ■ In this particular we may mention that the contention of the appellants that the court did not find that the plaintiffs had been damaged and that the rule usually followed is that rescission will not ordinarily be decreed or a deed adjudged to be canceled and given up and reconveyance directed unless the complaining party has been damaged, is entirely without merit. ■ The assertion is made that there is no proof that the agreement or transfer of the alleged patent right or state rights to vend the pencil machine is not one hundred per cent value. The record contains no testimony relative to the value of vending the alleged patented article. It does, however, show that there was no necessity for the introduction of such proof. The complaint alleges, among other things, as follows: "That for these reasons the rights acquired by plaintiffs from the defendants were, and each of them was valueless." This has reference to the alleged rights transferred by the defendants Carr to the plaintiffs. A careful reading of the answer filed by the defendants shows that this allegation is undenied, and, therefore, the finding of the court that the alleged rights were valueless requires no testimony to support it; it stands as an admitted fact in the cause.

Counsel for the appellants cite several verses of the Bible, all of which, perhaps, are fitting when the circumstances correspond, but in this case we think the ninth commandment, given effect by the judgment of the trial court, is conclusive.

Finding no merit in the appeal, the judgment is affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.