[Civ. No. 7300. First Appellate District, Division Two.—May 2, 1932.]

HORTENSIA RODRIGUEZ, Respondent, v. HENRY F. BULOTTI et al., Appellants.

Raymond Perry for Appellants.

Hubbard & Hubbard for Respondent.

SPENCE, J.—Plaintiff had judgment for the rescission of an agreement to purchase a restaurant and for the return of the sum of $1,000 paid by plaintiff upon the purchase price. From this judgment defendants appeal.

On July 2, 1928, plaintiff and her husband, Manuel Rodriguez, who was joined as a defendant in the action, entered into a written agreement to purchase the restaurant from the Bulottis for the sum of $2,000. The terms of the agreement provided for a cash payment of $1500 and for monthly payments of $50 per month for ten months. At the time the agreement was entered into plaintiff could not read English. She had some insurance money left her by her former husband and just prior to the date of the agreement plaintiff and defendant Manuel Rodriguez had married. The defendants Henry Bulotti, Rosie Bulotti and Manuel Rodriguez, the husband of plaintiff, had entered into a secret agreement to deceive and defraud plaintiff by representing to her that the purchase price was $2,000 and that defendant Manuel Rodriguez was investing in the enterprise by putting up $500 of his own money, together with $1,000 of plaintiff's, to make the cash payment. In truth and in fact, under the terms of the secret agreement between defendants, the total purchase price was to be only $1500 and defendant Manuel Rodriguez was to pay nothing on the cash payment. When the agreement was signed plaintiff paid $1,000 to the Bulottis and defendant Manuel Rodriguez gave them what plaintiff was led to believe was a check for $500. Pursuant to defendants' secret agreement, this purported check was delivered to the Bulottis solely for the purpose of deceiving plaintiff and of inducing her to part with her agreed share of the cash payment. Plaintiff and defendant Manuel Rodriguez went into possession of the restaurant, but within a month thereafter plaintiff learned of the fraudulent agreement and promptly gave notice of rescission. Possession of the restaurant was turned back to the Bulottis on August 1, 1928, and they conducted the same for more than a year thereafter and until shortly before the trial of the action.

Appellants state that two issues are presented: ''First. Fraud without damage fails to constitute or establish a cause

of action. Second. Respondent failed to place appellants *in statu quo.*"

In support of the first contention appellants rely upon the general rule that a party is not entitled to rescind merely upon a showing of fraud but must also show that damage has resulted. We are not prepared to say that no damage was shown by respondent (*Dozier* v. *Northrup,* 89 Okl. 67 [213 Pac. 304]), but even assuming that respondent failed to plead or prove any damage, we are of the opinion that the facts of this case bring it within an exception to the general rule. As was said in *Menefee* v. *Oxnam,* 42 Cal. App. 81, at page 87 [183 Pac. 379, 382]: "Though it is the general rule that fraud without at least some slight injury is not ground for relief, this general rule is not an obstacle to recovery in cases of the kind here under consideration, even though there be a total absence of injury to the complaining party. That is, where one occupies a fiduciary relation to the plaintiff, and, acting in cooperation with the defendant, he abuses the confidence of the plaintiff, his associate in the common enterprise, by entering into a secret agreement with the defendant, the general rule that fraud without injury is not ground for relief is not applicable, and the plaintiff will be entitled to relief whether he has been injured or not." Here the husband of plaintiff, who was a joint adventurer with her, entered into a secret agreement with appellants to deceive and defraud her and respondent was not compelled to plead or prove damage in order to be entitled to rescind.

We find no merit in appellants' second contention that "respondent failed to place appellants *in statu quo*". The evidence showed without conflict that respondent returned to appellants the restaurant and equipment which was the subject of the sale. It is not claimed that the physical property was not returned to appellants in the same condition that it was delivered to respondent. In this connection, however, appellants call attention to the testimony of appellant Henry Bulotti to the effect that the volume of business done before appellants sold the restaurant to respondent was greater than the volume done after appellants retook possession. Much of said appellant's testimony was so thoroughly discredited that the trial court would have been justified in rejecting his entire statement. In any event we

fail to see the materiality of the testimony referred to, particularly in the light of the fact that, so far as the evidence shows, the decline in patronage may have been due to a seasonal change or due to the manner in which appellants conducted the restaurant after retaking possession.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 1, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 30, 1932.