[Civ. No. 12927. First Dist., Div. Two. Oct. 3, 1945.]

FLOYD L. BAIRD et al., Appellants, v. AL LASCY et al., Defendants; WELKER N. COCHRAN et al., Respondents.

Alfred J. Harwood for Appellants.

Charles Reagh for Respondents.

NOURSE, P. J.—The plaintiffs sued to foreclose a materialman's lien in the sum of $262.26. Judgment was entered against the original contractor Lascy for the amount of the

lien, and in favor of the defendants Cochran quieting their title to the real property free from the claim of lien.

The defendants contracted with Lascy to build a house on the property for the total cost of $8,500. They secured a loan of $7,000 from a bank to finance the construction. Lascy absconded, leaving $5,253.40 owing to the subcontractors. A Mr. Byrnes, who was secretary of a contractors' association, to which a number of the subcontractors belonged, proposed to them that they waive their liens, permit the completion of the building under a new contract, and accept a proportional reduction of their claims within the amount which might be saved after the completion. A contract for that purpose was prepared and signed by the owners and all but two of the subcontractors. Thereafter the signatory subcontractors gave to Byrnes a written power of attorney to settle with these two; this was done and the building was completed under a contract between the owners and Byrnes. The plaintiffs thereafter repudiated their agreement and brought this action to foreclose their lien. The contracts were set up by defendants in their answer. The trial court found that they were in all respects valid and denied plaintiffs' claim that they were obtained by fraud.

Appellants' attack upon the judgment rests solely upon this conclusion that the contracts were not tainted with fraud. They cite and rely upon *Gordon* v. *Beck,* 196 Cal. 768 [239 P. 309] and similar cases holding that where an agent assumes to act for two opposing parties without disclosing his dual capacity either party may repudiate and defend against the resulting contract as having been procured by constructive fraud. There is no quarrel with the decisions nor with the principle of law which they follow. They are just not applicable to the case at hand. There is no evidence that Byrnes was the agent of respondents in the procurement of the contracts. He represented the subcontractors and sought their signatures, not upon the suggestion of respondents, but with the implied cooperation of the bank which had an outstanding loan on the premises. The fact that the owners were asked to sign first does not raise even a suspicion of fraud. The fact that they gave Byrnes a contract to complete the building has no bearing. The contract for the waiver of the liens, which is the one in dispute, expressly provided that the owners would procure someone to complete the

building. But the fact that this someone turned out to be Byrnes is not evidence that Byrnes was the owners' agent for the other purpose of securing the signatures to the waiver contract. At the conclusion of the trial, after having accorded appellants full opportunity to prove their charge of fraud, the trial court stated that there was no satisfactory evidence "that there has been any fraud on the part of anyone here." The burden of such proof was of course upon the appellants—a burden which they failed to sustain.

The judgment is affirmed.
Goodell, J., and Dooling, J. pro tem., concurred.

A petition for a rehearing was denied November 2, 1945.