[Civ. No. 3075.  First Appellate District. Division One.—December 26, 1919.]

C. E. MILLER, Appellant v. GUSSIE H. MOORE, Respondent.

[1] VENDOR AND VENDEE—SALE OF LAND IN GROSS—QUANTITY CONVEYED.—A sale of a specified tract of land without any specification of the quantity of the land contained in such tract, as where the land is described as a certain farm, or a certain tract, or a certain lot in a block, or where the sale is of a parcel of land by street and number only, is a sale in gross and does not bind the vendor to convey any particular quantity.

[2] ID.—MODE OF SPECIFICATION—INTENTION OF PARTIES.—The distinction as to whether a sale is in gross or not does not entirely depend upon whether or not payment is to be made in a lump sum or at so much per foot or acre, or upon the mode of specifying the quantity of the land, but is governed by the intention of the parties as shown by a proper construction of the contract. The facts in the case at bar showed that the parties intended the sale of a specific quantity of land.

APPEAL from a judgment of the Superior Court of Alameda County. William M. Conley, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. O'Neill and Emilio Lastreto for Appellant.

E. E. Keyes and J. C. Thomas for Respondent.

KERRIGAN, J.—This is an appeal by plaintiff from a judgment in favor of the defendant in an action for damages for refusal to perform an agreement to transfer to the plaintiff a certain business, its goodwill and the personal property used in connection therewith in consideration of the conveyance by plaintiff of a lot of land with the improvements thereon.

The plaintiff's property was described in the contract of exchange as follows: "That certain lot, 37.6x80, situated on the northeasterly corner of Ninth street and Hayes street, in the city of San Jose, improved with a frame building, containing four apartment flats of 4 rooms and bath each, partially furnished, commonly known and designated as 66 and 70 South Ninth street and 407 and 409 Hayes street, in the city of San Jose." At the same time the defendant was the owner of a certain business conducted in the city of Oakland. On September 13, 1918, these parties agreed, in writing, to an exchange of their respective properties. It is admitted that the plaintiff's lot is five feet less in depth than stated in the agreement, and that the apartments in the building situated thereon instead of containing four rooms and bath each were each composed of three rooms and bath only. However, prior to October 2, 1918, the defendant was made aware of this discrepancy in the make-up of the apartments; nevertheless on that date she signed and mailed to plaintiff a

letter, prepared by their joint agent, for the exchange of the properties, in which she stated that she was ready, willing, and able and offered to carry out the agreement. Subsequently, on the eleventh day of October, 1918, defendant again inspected plaintiff's building and apartments and was shown the boundary lines of the property. Later on that day she visited the office of the San Jose Abstract Company, inspected the deed which plaintiff had placed there in escrow after receiving defendant's letter of October 2d, and then for the first time learned that the depth of plaintiff's lot was seventy-five feet only. Thereafter, on the same day she stated to the plaintiff that she would return to Oakland, execute a bill of sale of her property and place it in escrow with plaintiff's deed. Seven days later, however, through a letter written by her attorneys, she refused to consummate the transfer upon the ground ''that the size of the property that you proposed to deed to Mrs. Moore is larger than that which is actually included in the deed which you desired to deliver, and in many other respects it is not as you represented it.'' It is apparent that after the defendant learned of the size of the apartments in the plaintiff's building she was still willing to proceed with the trade, and for a time she was even willing to do so, it appears, after discovering that the lot was smaller than represented, but subsequently, and apparently after receiving legal advice, she repudiated the transaction, which, it is conceded in effect, she had a right to do unless it can be said that this was a contract of hazard or a sale in gross, in which both parties assumed the risk of an excess or deficiency in quantity. We are of the opinion that this was not such a case.

[1] A sale in gross is one without regard to quantity, sometimes termed a contract of hazard. A sale of a specified tract of land without any specification of the quantity of the land contained in such tract is a sale in gross, and does not bind the vendor to convey any particular quantity, as where the land is described as a certain farm, or a certain tract, or a certain lot in a block, or where the sale is of a parcel of land by street and number only. [2] It should be remarked, however, that the distinction as to whether a sale is in gross or not does not entirely depend upon whether or not payment is to be made in a lump sum or at so much per foot

or acre, or upon the mode of specifying the quantity of the land, but is governed by the intention of the parties as shown by a proper construction of the contract (39 Cyc. 1311; 29 Am. & Eng. Ency. of Law, 625). From the facts in the case at bar we think it was intended that this should be a sale of a specific quantity of land, i. e., a lot 37.6x80 feet—five feet more in depth than the plaintiff offered by his deed to convey, and that the deficiency is a marked and important one in a small city lot. It is manifest that the purchaser of a city lot is largely influenced by its dimensions. Here, at the very outset of the negotiations the dimensions of plaintiff's lot were specifically set forth. The size of the lot was material, and doubtless influenced the defendant in agreeing to the exchange. Under the circumstances we think it cannot be said that the transaction comes within the doctrine of a sale in gross, and that the defendant was, therefore, justified in rescinding the contract.

Judgment affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1920.

All the Justices concurred.