[L. A. No. 11294. In Bank.—September 26, 1931.]

THOMAS P. STEWART et al., Respondents, v. EDWARD C. CROWLEY et al., Appellants.

R. T. Lightfoot for Appellants.

Haight, Mathes & Sheppard, Raymond L. Haight and Burke Mathes for Respondents.

THE COURT.—This action was brought for the purpose of securing the rescission and cancellation of a lease and option to purchase certain real property in the city of Los Angeles, on the ground that the same were secured through and by means of fraud. From a judgment in favor of plaintiffs, defendants prosecuted a joint appeal. After the opening brief of appellants had been filed, by stipulation of the parties, filed in this court, the appeal of A. E. Hudson was dismissed. Whatever merit there may have been in the joint appeal was eliminated from the case by this dismissal. The appeal of the remaining appellant, Crowley, basically presents nothing more than an attack on the sufficiency of the evidence to sustain the trial court's findings. An examination of the record shows ample evidence to sustain the findings complained of. As is to be expected in such cases, the evidence offered by Crowley conflicts in many material respects with that offered by respondents. It is elementary, however, that findings based upon substantially conflicting evidence cannot be disturbed by an appellate court.

According to the findings of the trial court, which findings are amply supported by the record, the facts out of which this controversy arose are as follows: Respondents owned certain real property in the city of Los Angeles. Crowley was engaged in the real estate business in the near vicinity. Some time in 1924 Crowley met the plaintiffs, and some discussion was had as to the possibility of his selling the property for them. Crowley contacted several prospective purchasers, but was unable to close a deal in respect to the property. In April, 1925, Crowley approached the plaintiffs and represented to them that his lease on his

present office location was about to expire and that he had to move; that if plaintiffs would permit him to erect his real estate office on the property he could more quickly sell the property; that he could not afford to pay much rent, but that his being right on the property would assist materially in consummating an early sale. Plaintiffs informed Crowley that they were not particularly desirous of leasing the property, but wanted to sell it as quickly as possible, because they were contemplating moving to Australia. They told him, however, that if he believed it would assist in selling the property, they would lease him the property for the purposes specified. Later that month Crowley presented to plaintiffs for their approval an instrument entitled "Land Lease", and requested plaintiffs to sign it, stating that he was familiar with lease forms and that plaintiffs were amply protected. Plaintiffs demurred to signing the lease, whereupon Crowley represented to them that as soon as the property was sold they could terminate the lease, and that he would protect them in this regard. Crowley later called for the lease and left it at the bank. Later plaintiffs called at the bank and signed the same, without reading it. The lease, which is pleaded as an exhibit to plaintiffs' complaint, provides that plaintiffs lease the lot to Crowley for a period of five years at a rental of $38 a month for the first three years and $43 a month for the last two years, with an option in the lessee to renew for five additional years at $50 a month. No mention is made of the proposed real estate office, the lease giving the lessee the power to use the lot for any legal or legitimate purpose, and to sublease or re-lease the same. The lease further provided that any sale of the lot must be negotiated through the lessee as broker and any such sale must be made subject to the conditions of the lease, unless otherwise agreed upon. The lease was a form lease, with the necessary provisions typed in. In the printed form there was a clause which prohibited the subleasing or underletting of the premises without the consent of the lessor. This had been carefully "x-ed" out on the typewriter, so that it could not be determined what the provision was that had been thus crossed out. On conflicting evidence the trial court found that this provision had been in the form originally presented to the plaintiffs, but that later and before plain-

tiffs signed it, this provision had been crossed out by Crowley, without informing plaintiffs, and that they signed the lease in the belief that this provision was still in the document.

The evidence also showed that, while the lease was in the possession of the plaintiffs, they asked Crowley what was meant by the five-year option, informing him that they did not know the meaning of the term. Crowley represented that by option was meant that either party could avoid the lease at the end of five years.

A few days after the lease had been executed Crowley presented to the plaintiffs a letter prepared by and addressed to himself. He represented that the purpose and effect of the letter was merely to reduce to writing the terms upon which he was to sell the property described in the lease, and that he was taking this means of protecting his commission in the event of the death or absence of plaintiffs. As a matter of fact the letter amounted to an option in the lessee to purchase the property for $18,000 at any time during the life of the lease. This option likewise provided that the lessor would pay taxes on any improvements erected on the property up to an assessed valuation of $1,000. Plaintiffs signed this letter on Crowley's representation that he would change this figure to $200. This was never done.

Crowley did not erect a real estate office on the property, but, within a short time of securing the lease and option, sold and assigned the same to Hudson for a cash consideration of $2,500. Hudson started construction of a gas station on the premises. In March of 1926 plaintiffs consulted an attorney and, in July of that year, commenced this action for cancellation and rescission of the lease and option.

The trial court found that all of the above promises and representations were falsely and fraudulently made by Crowley, with the intent of inducing plaintiffs to execute the instruments, and were made without the intention of performing the same; that plaintiffs in fact relied upon them; that plaintiffs acted within a reasonable time after discovering the fraud. In order to do complete equity between the parties, the trial court ordered the option unconditionally canceled; ordered Hudson to remove all improvements, and ordered Crowley and Hudson to surrender for cancellation

the lease and option. The removal of the improvements and the cancellation of the lease were made conditional upon plaintiffs' paying Hudson the sum of $2,500 with interest, less certain deductions for unpaid rent; that, in the event that that sum was paid to Hudson, the plaintiffs were to have a personal judgment in that sum against Crowley.

Appellant Crowley's first contention is that the complaint does not state a cause of action against him. This contention is based on the fact that the lease and option are written instruments and are pleaded and relied on by plaintiffs; that it affirmatively appears from plaintiffs' pleading that the alleged false and fraudulent promises and representations relied upon all have to do with matters not contained in the writings; that as a matter of law all prior negotiations must be deemed to have been merged in the written instruments. This point is without merit. Fraud may always be shown by parol, even where the written instrument purports to contain the entire agreement between the parties. This court in the recent case of *Hunt* v. *L. M. Field, Inc.*, 202 Cal. 701 [262 Pac. 730, at page 703], specifically held that it is "well settled that fraudulent representations as to a material matter, by which a party is induced to enter into a contract to his damage may be established by parol evidence [citing cases] and this despite the fact that the written instrument purports to contain the entire agreement between the parties". The complaint fully alleges the representations and promises made by Crowley; that such representations were false and were known by Crowley to be false; that the alleged promises were made without the intention to perform the same; that said promises and representations were made for the purpose of deceiving the plaintiffs and inducing them to execute the lease and option; that plaintiffs were in fact deceived and thereby induced to execute the lease and option to their injury. It is, therefore, obvious that the complaint contains all of the essential averments necessary to charge fraud. (*Neff* v. *Engler*, 205 Cal. 484 [271 Pac. 744].)

Appellant makes much of the fact that although the trial court on conflicting evidence made an express finding to the effect that Crowley had fraudulently altered the lease after presenting it to plaintiffs for their approval, such alteration was not pleaded as a ground of fraud in the complaint.

Appellant can hardly claim to have been surprised by this omission, for the reason that this fact was developed by the plaintiff during the interrogation of the very first witness, and constantly referred to by both parties during the course of the trial. Defendant presented several witnesses for the purpose of refuting this contention. From a reading of the transcript, it is obvious that this was treated as one of the main issues by both parties. At the close of the trial, plaintiffs moved to amend to conform to proof. The trial judge indicated that he was not "inclined" to grant the motion, but, upon more mature deliberation, must have changed his mind, because he made an express finding on the point. Moreover, even if this finding were to be disregarded on the ground that it is not within the issues pleaded, it would not assist the appellant. There are ample allegations as to other representations and promises, all found by the court to have been fraudulently made, any one of which would be sufficient to sustain this action. ▆ It is elementary that a single misstatement as to a material fact, knowingly made with intent to induce another into entering the contract, will, if believed and relied on by that other, afford as complete ground for rescission as if it had been accompanied by a multitude of other false representations. (*Neff* v. *Engler, supra; Davis* v. *Butler,* 154 Cal. 623 [98 Pac. 1047].)

▆ It is also contended that, inasmuch as respondents learned of the fact that the lease had been sold as early as September of 1925, and accepted rent until July of 1926, when this action was commenced, they must be deemed to have ratified the contract, or are estopped by their laches. These points are without merit. The question of ratification or laches is primarily for the trial court and there were here no circumstances showing that the delay was unreasonable. (*Hunt* v. *L. M. Field., Inc., supra.*)

▆ Appellant likewise contends that the trial court committed error in decreeing rescission and in giving a $2,500 judgment against him in the same action, on the ground that rescission and "damages" cannot be granted in the same action. The trial court in its judgment made the rescission of the lease conditional upon respondents paying Hudson the $2,500 he had paid Crowley for the lease, and decreed that Crowley must reimburse the respondents for this outlay. The judgment is a correct and proper one, and in

accordance with the principle that in such actions the court should do complete equity between the parties. It is well settled that in such actions the court may grant any monetary relief necessary to do complete equity between the parties. (4 Cal. Jur. 797, sec. 29.)

For the foregoing reasons, the judgment appealed from is affirmed.