[Civ. No. 8272. First Appellate District, Division One.—July 27, 1932.]

LESLIE S. BOWDEN, Trustee in Bankruptcy, etc., Appellant, v. EARL WOODEN et al., Respondents.

Ben F. Griffith for Appellant.

Voltaire Perkins for Respondents.

THE COURT.—This is an action by the trustee in bankruptcy of the estate of defendant Earl Wooden to set aside certain transfers of real and personal property made by Wooden to his wife, upon the ground that the same were made in fraud of creditors; and to have it decreed that certain other real property acquired by Mrs. Wooden in her name was held by her in fraud of her husband's creditors. The trial court found adversely on the charges of fraud, and judgment was entered accordingly in favor of defendants,

from which plaintiff appeals, urging as grounds for reversal insufficiency of evidence to sustain the findings.

The creditor claimants in the bankruptcy proceeding were Arthur Huston and his wife, whose respective claims were based on judgments for damages which they obtained against Wooden on account of personal injuries sustained by them in a collision between an automobile driven by Huston and one driven by Wooden. The accident occurred on November 9, 1926; the actions for damages were instituted on February 4, 1927, and tried on February 23, 1928. Judgments for the total sum of $6,649.40 were entered in favor of the Hustons on March 19, 1928, and thereafter executions were issued and returned unsatisfied. On April 24, 1928, Wooden was declared bankrupt.

The property involved consisted of a lot in Burbank, two lots in Los Angeles, and two automobiles. The Burbank property was acquired by Mrs. Wooden under an installment contract which she entered into in May, 1924, a year prior to her marriage to Wooden. The purchase price was $1300 and the monthly payments of $26 were completed in April, 1928, at which time the property was conveyed to her. The evidence adduced on the part of the Woodens shows that the entire purchase price was paid by Mrs. Wooden out of her separate funds consisting of money earned by her prior to her marriage and certain sums given to her subsequently by her father, and that her husband contributed nothing toward the purchase price and that title to said property was never vested in his name.

The Los Angeles lots were acquired by Wooden in February and August, 1926; and on December 1, 1927, he conveyed them by grant deed to his wife. In February, 1928, Mrs. Wooden conveyed the lots to defendant Granger by grant deed which was recorded the following month. All of these transactions took place prior to the entry of the judgments in the damage suits. With reference to the foregoing property the evidence adduced by defendants in support of their case shows that Mrs. Wooden paid her husband $750 for said lots, and that she afterward sold them to Granger for $800. In this regard the testimony of Mrs. Wooden was to the effect that she had saved much of the money earned by her prior to her marriage and that her father had given her considerable money from time to time

thereafter; that her husband made a practice of borrowing from her to meet his personal obligations, and that she had become discouraged because her separate funds were thus being dissipated with no return, and she felt that if she gave him more money there would be slight possibility of getting it back because he was out of work and unable to pay his rent; that therefore when he asked her for more money to meet outstanding obligations she consented to let him have $750 provided he would deed the lots to her, which he did. Mrs. Wooden's testimony was substantiated in the main by that of Wooden, who testified further that he made an effort first to dispose of the lots through a real estate firm, but was unable to do so. The fact that Mrs. Wooden's father sent her money subsequent to her marriage was more or less corroborated by certain documentary proof; and the fact that Granger paid Mrs. Wooden $800 for the property was shown by the testimony of both, Granger having stated that he believed the property was worth $1200 and that he willingly paid $800 in cash therefor. It was also shown that prior to such sale Mrs. Wooden endeavored for over a month to dispose of the property through real estate agents; that Granger heard of the property through such an agent and inspected the same before making the purchase.

As to the automobiles, the testimony shows that the same were purchased by Mrs. Wooden from second-hand dealers after she had visited several such places; that she signed the contracts for the purchase thereof and that the installment payments were made with her money; however, the certificates of ownership of the automobiles were carried in Wooden's name until final payment was made thereon, at which time, to wit, in January, 1928, they were transferred to Mrs. Wooden.

Section 3442 of the Civil Code provides that " . . . the question of fraudulent intent is one of fact and not of law; nor can any transfer or charge be adjudged fraudulent solely on the ground that it was not made for a valuable consideration; provided, however, that any transfer or encumbrance of property made or given voluntarily, or without a valuable consideration, by a party while insolvent or in contemplation of insolvency, shall be fraudulent, and void as to existing creditors". And in this connection it has been held that in an action by a judgment creditor to set

aside transfers of property by a judgment debtor upon the ground of fraud, the findings of the trial court cannot be successfully assailed on appeal unless they are contrary to the undisputed evidence read in the light of all legitimate inferences to be drawn therefrom. (*Atkinson* v. *Western D. Syndicate,* 170 Cal. 503 [150 Pac. 360].) ██ In the present case, therefore, the trial court's finding that there was no fraud cannot be disturbed unless the evidence as a whole is undisputed and proves to the contrary; and it is apparent that such is not the case, for, as will be observed, the testimony above narrated, if true, is legally sufficient to sustain the trial court's findings.

██ The attack plaintiff makes upon the testimony is that it is equivocal, uncertain, improbable, contradictory and unworthy of belief. It is evident that the points thus made go merely to the weight of the testimony and the credibility of the witnesses, and of course such matters must necessarily be left to the determination of the trial court. The rule by which reviewing courts must be guided in passing upon the question of whether findings of fact are sufficiently supported by the evidence is this: that if the evidence is such that different conclusions upon the matter can be rationally drawn from the evidence, then the case presented is one for the trial court, if the questions of fact be submitted to its arbitrament. (*Hatzakorzian* v. *Rucker-Fuller Desk Co.,* 197 Cal. 82 [41 A. L. R. 1027, 239 Pac. 709].) While the facts shown by the record in the present case are such as to justify a grave suspicion of the transactions complained of, the showing made by the plaintiff has not established such a case as would justify this court in overthrowing the findings of the trial court. As said in *Atkinson* v. *Western D. Syndicate, supra,* in this class of cases, as in any other, the determination of the questions of fact must rest with the trial court. There is nothing inherently improbable in the testimony adduced on the part of the defendants, and since the trial court accepted the same as true, its decision in the matter is controlling on appeal.

An examination of the facts in *Allee* v. *Shay,* 92 Cal. App. 749 [268 Pac. 962], which is strongly relied on by plaintiff in support of his contention that the conveyance of the Los Angeles lots was fraudulent, shows that there it was admitted that the transfer was made without consideration;

120

whereas here there is a sharp conflict on that issue. The case relied upon is therefore not in point.

Since, as shown, the decision of the trial court herein upon the determinative issue in the case is based upon a conflict of evidence, it is beyond the power of this court to interfere therewith.

The judgment is therefore affirmed.