[Civ. No. 10559. Second Appellate District, Division One.—May 6, 1936.]

WHOLESALERS BOARD OF ADJUSTERS (a Corporation), Appellant, v. JAMES R. NORTON et al., Respondents.

Macfarland, Scheinman & Krasne, Max Sisenwein and John B. Taylor, Jr., for Appellant.

Houser, Houser & Houser and J. Everett Houser for Respondents.

ROTH, J., *pro tem.*—Appellant corporation is the assignee of The Cleaners Equipment Corporation, which latter corporation, on September 14, 1931, entered into written contract with respondents herein, whereby it agreed to sell, on conditional sale, cleaning equipment described in the contract, which contract guaranteed that the equipment would "supply 700 gallons of clean solvent per hour", and contained other guaranties of parts of the equipment against defects therein by reason of faulty material or workmanship. The contract also provided, "This instrument covers all conditions of this contract . . . no other agreement or representation is binding to us."

Defendants made a down payment of $800 on the purchase price, and provided for the payment of the balance by a

series of promissory notes made and executed by them. The first four notes were paid in the aggregate sum of $419.08. Thereafter defendants refused to pay and did not make any further payments, and, action having been instituted for the balance, defended on the ground of fraud and breach of warranty.

Pursuant to the terms of the contract, plaintiff's assignor installed the equipment. There were, however, repeated complaints that the same did not operate in accordance with the expressed terms of the contract and oral representations which had been made prior to the execution thereof. In response to repeated complaints, appellant's assignor made repeated efforts to correct the system, which were unavailing, and on November 16, 1931, the parties entered into a supplemental agreement whereby the corporation agreed to install equipment capable of furnishing solvent at the rate of 1800 gallons per hour, in lieu of the equipment theretofore installed, which equipment had been warranted to furnish solvent at the rate of 700 gallons per hour. The trial court found the supplemental agreement to be as follows: "It has been agreed between the Ceco Cleaners and the Cleaners Equipment Corporation, to replace the present 12 A Ceco 'Sweetner' System, which is guaranteed to deliver 700 gallons of clean solvent per hour, with a 9C type system which is guaranteed to deliver 1800 gallons of solvent per hour. This change will be made at once without any additional expense to the Ceco Cleaners; the present contract to remain unchanged. Payments to be deferred for 60 days or to start Jan. 20, 1932."

Operations were again commenced after replacements and additions were made pursuant to the supplemental agreement, with no satisfactory result.

The trial court decided in favor of the contentions of defendants, finding specifically that said defendants suffered damages, by reason of the fact that said equipment was not as represented, in the sum of $3,486.42, giving judgment to plaintiff for the balance between said amount and the amount due on the contract, which amount, together with interest theretofore accruing, totaled $564.64. Plaintiff appeals from that judgment and contends that the evidence is not sufficient to support the findings of the trial court that there was a breach of warranty; that there were

breaches of representations made prior to the execution of the contract; that there was no waiver on the part of defendants; and also as to what the actual capacity of the cleaning equipment was, and what the actual value of the equipment involved in the litigation amounted to.

It is trite to say that the sufficiency of evidence to sustain findings is primarily a question for the trial court (*Jones* v. *Dickerman*, 114 Cal. App. 357 [300 Pac. 135]), and that findings based upon substantially conflicting evidence cannot be disturbed by an appellate court (*Stewart* v. *Crowley*, 213 Cal. 694 [3 Pac. (2d) 562]). It is also settled that findings cannot be assailed on appeal unless they are contrary to undisputed evidence read in the light of all legitimate inferences to be drawn therefrom (*Bowden* v. *Wooden*, 125 Cal. App. 115 [13 Pac. (2d) 811]). Appellant in its brief makes some references to the reporter's transcript, but excerpts little or no evidence in support of its contentions. Respondents' brief, however, is replete with excerpts from the evidence, showing ample support for each of the findings made by the trial court, which have been heretofore referred to. Under such circumstances this court cannot disturb them.

The finding that there was a breach of warranty is in itself sufficient to sustain the judgment. In addition, when representations of fact are made, inducing another to enter into a written contract, and such representations are of material facts, they may be shown by oral evidence even though a written contract is subsequently entered into (*Wedge* v. *Security First Nat. Bank*, 219 Cal. 113 [25 Pac. (2d) 411]; *Stewart* v. *Crowley, supra*), and such representations of fact are sufficient in themselves, upon which to predicate a cause of action for damages (*Von Schrader* v. *Milton*, 96 Cal. App. 192 [273 Pac. 1074]; *California Credit etc. Corp.* v. *Goodin*, 76 Cal. App. 785 [246 Pac. 121]). There is nothing in appellant's contention that respondents waived any defect in the equipment because they retained it and remained silent. The contention of appellant as to the silence of respondents is only partially true. The evidence shows that respondents did not remain silent but complained continuously, and as a result of said complaints a supplemental contract was entered into. The fact that respondents did not complain repeatedly after the supplemental

contract does not mean that they waived any of their rights. The defense of fraud to the demand of plaintiff, or in abatement of damages in an action brought by plaintiff for the balance of the purchase price, was always available to defendants. Retention of goods, in itself, is but a slight element in proof of an estoppel. When there has been a breach of warranty, the buyer may accept the goods and still sue for damages, or, he may wait until the seller sues and then set up a breach of warranty by way of counterclaim. (*Leonard* v. *Home Builders*, 174 Cal. 65 [161 Pac. 1151, L. R. A. 1917C, 322]; *Browning* v. *McNear*, 145 Cal. 272 [78 Pac. 722]; *Tracy Brick etc. Co.* v. *Wurster*, 44 Cal. App. 652 [187 Pac. 125].) Respondents had a right to remain silent until such time as they were sued. (*Nevada Land & Investment Corp.* v. *Sistrunk*, 220 Cal. 174 [30 Pac. (2d) 389]; *First Nat. Bank* v. *Stansbury*, 118 Cal. App. 80 [5 Pac. (2d) 13].)

We find no reason to disturb the judgment of the trial court, and it is therefore affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 28, 1936.