[Civ. No. 9093.   Third Dist.   May 2, 1957.]

GRACE SCHUSTER, Respondent, v. EDWARD SCHUSTER, Appellant.

Brown & Smith and Jacqueline Taber for Appellant.

Steel & Arostegui for Respondent.

WARNE, J. pro tem.*—Plaintiff and defendant were married on the 21st day of August, 1948. At the time of the marriage, the plaintiff had $6,000 in cash which she had inherited from her former husband's estate and other small amounts in various savings institutions. The defendant did not have any savings or bank account in 1948. The $6,000 was used to purchase a home in Berkeley, California. Title to the home was taken in the names of plaintiff and defendant as joint tenants. The title remained in joint tenancy until 1951, when there was a separation between the parties. At the time of this separation, a property settlement agreement was made between the parties by which the husband transferred his interest in the Berkeley home to his wife, and she in turn released to him approximately $3,000 in cash. In June, 1952, the parties became reconciled. During the time of separation, plaintiff sold the Berkeley home for approxi-

*Assigned by Chairman of Judicial Council.

mately $7,000, receiving approximately $4,500 in cash and a promissory note secured by a deed of trust on the property for the balance. As of the date of trial, the note and deed of trust still remained in the wife's name alone. From June, 1952, when the parties reconciled, until February, 1955, when they again separated, they acquired and disposed of the following pieces of real property: (1) A house at 632 Olivehurst Street, Olivehurst, Yuba County, California. The property is unencumbered and its rent brings in about $50 a month. (2) Property at 335 Canal Street, Olivehurst. This property was later sold and a note and deed of trust taken in exchange. The note is being paid at the rate of $35 per month. (3) A half interest in a garage and building which was disposed of to the state of California for $5,331. (4) A home known as the home place at 124 East Ninth Street. This property is mortgaged. (5) Three lots adjoining the home place. This property was also mortgaged. (6) A house at 270 East 11th Street. This is also mortgaged. It is rented. Prior to the marriage Edward had entered into a conditional sales contract to purchase certain real property. He paid one-sixth of the down payment, to wit, $200, and his brother paid the rest. The brother has made all the payments on this property. Title is in Edward's name alone. In each instance, with the exception of the last mentioned parcel, title to the property was taken in the name of both parties as joint tenants.

In June of 1955 Grace filed for divorce charging extreme cruelty. She asked that the community and separate property be determined and be divided equitably. Edward answered the complaint and alleged that he and plaintiff each owned a separate one-half interest in the property held in joint tenancy. Edward also filed a cross-complaint for divorce. Insofar as is pertinent to the issue presented by this appeal, Edward in his cross-complaint alleged in substance that each spouse held a separate one-half interest in the following pieces of property which they held in joint tenancy: (1) Family home and three surrounding lots, value $6,500 with a mortgage of $3,128.81; (2) House and lot at 632 Olivehurst Ave., Olivehurst, California, approximate value $4,500, no mortgage, and (3) Another house and lot, approximate value $2,200 and a mortgage of $470.28. In her answer to the cross-complaint, Grace did not deny this allegation.

Appellant contends that under the pleadings in the case the character of the real property was not an issue in the case

since respondent in her answer to his cross-complaint did not deny that the real property specifically mentioned in his cross-complaint and standing in their names as joint tenants was one-half his separate property and one-half her separate property. In support of his contention, he cites *Odone* v. *Marzocchi,* 34 Cal.2d 431, 444 [211 P.2d 297, 212 P.2d 233, 17 A.L.R.2d 1109], and *Welch* v. *Alcott,* 185 Cal. 731, 754 [198 P. 626]. We do not believe that the rule of those cases applies here, for the reason that notwithstanding the technical effect of the pleadings, assuming that on the face of the pleadings the status of the property is admitted, there is real doubt as to the effect of the failure of respondent to deny the allegations in the cross-complaint respecting the character of the property. Since the appellant's answer to respondent's complaint raised the same issue, and the court's attention was not called to the claimed admission in the pleadings, nor was any objection made to the introduction of evidence concerning the character of the property, there is no merit in this contention. ■ Where a case is tried as though no admission had been made and the issue as to whether the property was community or separate property of the spouses is submitted without objection to the court for determination, the rule of the above cases does not apply. (*Polizzi* v. *Porcaro,* 110 Cal.App.2d 395, 399 [242 P.2d 949].)

Appellant also contends that the evidence is insufficient to support the finding that the property was community property.

■ Property acquired under a joint tenancy deed may be shown to be actually community property or the separate property of one of the spouses according to the intention, understanding or agreement of the parties. The question as to whether the evidence is sufficient to rebut the presumption that the husband and wife are joint tenants is one of fact. (*Gudelj* v. *Gudelj,* 41 Cal.2d 202, 212 [259 P.2d 656].)

■ The evidence shows that when the first parcel of property was purchased with respondent's funds, appellant told her that if she would put his name on the deed they would go ''50-50 on everything.'' In reliance upon appellant's promise, respondent had the property conveyed to both parties as joint tenants. Following up this agreement, they acquired and disposed of several pieces of real property, the title in each instance being taken in their names as joint tenants. However, they always dealt with the property as if it were community in character. There is nothing in the record

654

to show that they considered it to be the separate property of either. Even the bank accounts were opened by respondent in the names of respondent and appellant. The weight and effect of the evidence was, of course, a matter for the trial court to determine. We feel that there is substantial evidence which will support the court's findings concerning the character of the property. ■ "When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court." *Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.