[Civ. No. 10043.   Third Dist.   July 27, 1961.]

GEORGE R. PRICE, JR., Respondent, v. WARD A. EISAN et al., Appellants.

Laura O. Coffield and Coffield and Decker for Appellants.

Harold J. Thorsen for Respondent.

WARNE, J. pro tem.\*—This is an action for specific performance of a contract for the sale of real and personal property. Judgment was entered in favor of plaintiff and defendants have appealed.

The record shows that on February 19, 1959, plaintiff and defendants executed an agreement wherein the defendants agreed to sell 160 acres of land and certain personal property to plaintiff for the sum of $23,000, plus the current grape crop, which was reserved to the sellers. The agreement was made subject to the plaintiff (buyer) obtaining a right of way for road purposes and utilities at no cost to the defendants. The transaction was handled by one Walter G. Shaw, a real estate broker. The property was not listed with Mr. Shaw but defendants orally agreed that Shaw could attempt to find a buyer and if he did they would pay him a 6 per cent commission.

Over a period of several months the broker brought a number of prospective purchasers to the property to examine it, including the plaintiff, George R. Price, Jr., who was in search of real property to purchase. Price made an initial offer of $19,000 for the property, two subsequent offers at increasing prices, and the final offer which was accepted. Subsequent to

---

\*Assigned by Chairman of Judicial Council.

the execution of the agreement the defendants refused to convey the property and served plaintiff's attorney with a written notice of rescission of the agreement. Plaintiff then brought this action to compel defendants to convey the subject property or for damages in the alternative in the event specific performance should be denied.

Defendants contend that they were entitled to rescind their contract as a matter of law. They base this contention on the assertion that Shaw, the real estate broker, although purporting to be defendants' agent, was, in effect, the agent of the plaintiff at the time of the execution of the contract.

In their answer to plaintiff's complaint defendants allege as a special defense that plaintiff's agent, Shaw, falsely and fraudulently represented to defendants that the property was not worth more than $23,000, and that he did not disclose to them that he was acting as an agent for plaintiff, but, on the contrary, at the time of the execution of the agreement purported to be acting as a real estate agent for defendants. The trial court found that these allegations were untrue. There is ample evidence in the record to support these findings.

The evidence shows that plaintiff visited the broker's office in search of real property to purchase. Plaintiff had recently moved to California and had been looking for property to purchase through the offices of other brokers. The plaintiff had never met Shaw before. Plaintiff, as we have hereinabove stated, made several offers and the final one was accepted by the defendants. The agreement of February 19, 1959, was between the plaintiff and the defendants, not between defendants and Shaw. There was evidence that no commission was ever paid to Shaw by the plaintiff, nor was there any promise of payment.

Consideration is not a requisite to the creation of an agency (2 Cal.Jur.2d 658), but the lack of consideration between the plaintiff and the broker in this case is evidence against the existence of an agency. The mere fact that a man enters the office of a real estate broker to make inquiry and the broker submits property to him does not create an agency. (*Hicks* v. *Wilson*, 197 Cal. 269, 273 [240 P. 289].)

Defendants contend that Shaw testified that he was representing both parties and this testimony established the dual agency. The record shows however that Shaw was referring to his attempt to secure an easement for the plaintiff

when he made the statement noted above. This was *after* the agreement had been executed and it could reasonably have been found to be a natural attempt to finally close the sale for the defendants as the plaintiff's obligation to purchase was conditional on securing these easements. Further, the broker also testified that the Eisans knew of the situation. Even if a double agency existed at this time the court could reasonably have found that this fact was disclosed to the defendants.

Defendants also attempt to show dual representation by Shaw through evidence of his failure to discuss land values with them and persuade them to ask more in view of higher prices being obtained for allegedly similar property in the area. The evidence of the value of the property was conflicting, but there was competent evidence that the price agreed upon was fair. One Edwin F. Jordan, a real estate broker and qualified real property appraiser, testified that the property was worth $16,000. The sellers had shortly before authorized another broker to sell the same property for $25,000. The only contrary testimony of value was from defendant Evelyn Eisan who testified that she thought the property was worth $80,000. The weight and effect of the evidence was, of course, a matter for the trial court to determine and is binding upon this court. (*Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427, 429 [45 P.2d 183] ; *Schuster* v. *Schuster,* 150 Cal.App.2d 650 [310 P.2d 481] ; *Beckmann* v. *Beckmann,* 174 Cal.App.2d 717 [345 P.2d 121].) Appellants cite *Vice* v. *Thacker,* 30 Cal.2d 84 [180 P.2d 4], and *Gordon* v. *Beck,* 196 Cal. 768 [239 P. 309], which hold that if an agent is engaged by both parties to effect a sale of property from one to the other and not as a middleman to bring them together and is actually engaged in inducing each to make the sale, the sale may be rescinded unless both parties knew of the double agency at the time of the transaction. While such is the law, those cases are clearly distinguishable on their facts from the instant case. In each case dual agency was either undisputed or there was substantial evidence to support the trial court's finding of dual representation. In the instant case we have an entirely different factual situation and a finding by the trial court, supported by competent evidence, that there was no dual representation.

The judgment is affirmed.

Peek, Acting P. J., and Schottky, J., concurred.